**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00089-CV**
_____

**DEAN KAWAJA AND SUSAN KAWAJA, Appellants**

**V.**

**CRAWFORD'S AUTO REPAIR, Appellee**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-189,465**

**OPINION**

Following a review of the record in this appeal, we conclude the trial court did not have jurisdiction over defendant Crawford's Auto Repair. We therefore affirm the dismissal order.

BACKGROUND

Selma Duff drove her car to Georgia. In Georgia, Crawford's Auto Repair put a new engine in the vehicle. Two and one-half months after the new engine was installed, Selma's son was driving the vehicle in Texas when a wheel

assembly detached from the vehicle. The wheel rolled across the median of the freeway and struck an oncoming vehicle occupied by Dean Kawaja and Susan Kawaja.

The Kawajas sued Crawford's Auto Repair, among others, and pleaded both specific and general jurisdiction. Crawford's Auto Repair filed a special appearance. *See* Tex. R. Civ. P. 120a. The trial court dismissed the claims against that defendant. The Kawajas filed this appeal.

## STANDARD OF REVIEW

Whether a trial court has personal jurisdiction over a defendant is a question of law reviewed *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794-95 (Tex. 2002). The plaintiff has the initial burden of pleading sufficient allegations to bring a nonresident defendant within the jurisdiction of a Texas court. *Id*. at 793. The defendant must then negate all jurisdictional bases. *Id*.

## JURISDICTION

A trial court has personal jurisdiction over a nonresident when the exercise of jurisdiction is authorized by statute and is consistent with due process. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 2008) (Texas long-arm statute). The defendant must have established minimum contacts with the forum state, and the assertion of

jurisdiction must comport with traditional notions of substantial justice and fair play. *Zinc Nacional, S.A. v. Bouché Trucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010). The minimum-contacts analysis requires "'some act by which the *defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). The focus is on the defendant's activities and expectations. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

The defendant's contacts may give rise to either general jurisdiction or specific jurisdiction. *See Zinc Nacional*, 308 S.W.3d at 397. For a trial court to have general jurisdiction over a nonresident defendant, the defendant's contacts with the forum must be systematic and continuous. *Spir Star AG*, 310 S.W.3d at 872. Under general jurisdiction, there must be a showing that the defendant conducted substantial activities within the state. *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996).

Specific jurisdiction arises when the defendant purposefully avails itself of conducting activities in the forum state, and the cause of action arises from or is related to those contacts or activities. *Retamco Operating, Inc. v. Republic Drilling*

3

*Co.*, 278 S.W.3d 333, 338 (Tex. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)); *Michiana Easy Livin' Country, Inc.*, 168 S.W.3d at 784 (Purposeful availment is the touchstone of jurisdictional due process.). Specific jurisdiction focuses on the relationship of the forum, the defendant, and the litigation. *Retamco Operating*, 278 S.W.3d at 338. The contacts must be such that the defendant "should reasonably anticipate being haled into court" in Texas. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

ANALYSIS

As part of its jurisdiction claim, the Kawajas contend that Crawford's Auto Repair operates a website for soliciting business. The Kawajas also rely on the car's Texas registration and Texas license plates.

The affidavit of John Crawford states that he is the owner and operator of Crawford's Auto Repair in Marietta, Georgia, that he is not a resident of Texas, and that Crawford's Auto Repair has never done business in Texas. Crawford states that neither he nor the business has ever purposefully put a product in the stream of commerce in Texas, designed a product for the Texas market, advertised in Texas, or established channels of regular communication with Texas customers.

4

Purposeful availment requires that a defendant seek some advantage, benefit, or profit by availing itself of the jurisdiction. *Spir Star AG*, 310 S.W.3d at 873. A seller who reaches beyond one state and creates continuing relationships with residents of another state may be subject to the jurisdiction of the latter in suits arising from those activities. *Id*. (citing *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)).

Although the accident occurred in Texas and the car likely had Texas registration and plates, there is no evidence that Crawford's Auto Repair advertised specifically in Texas or had a business in Texas. All of the defendant's activities occurred in Georgia. The Kawajas did not present any evidence that the website is anything other than a passive one. *See Buckeye Aviation, L.L.C. v. Barrett Performance Aircraft, Inc.*, No. 09-10-00247-CV, 2011 Tex. App. LEXIS 4506, at **19-22 (Tex. App.—Beaumont June 16, 2011, pet. denied).

In *World-Wide Volkswagen*, a New York car dealership was sued in state court in Oklahoma by a New York resident. The car was bought from the defendant dealership in New York and driven by the plaintiff to Oklahoma, where the car was involved in a traffic accident. *See World-Wide Volkswagen*, 444 U.S. at 288-89. The Supreme Court explained,

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State.

Rather, it is that the defendant's conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there.

*Id*. at 297. Foreseeably, purchasers of automobiles may take them to another state, but the mere unilateral activity of the party claiming some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. *Id*. at 298; *see also Cox v. Generac Power Sys.*, No. 2:08-cv-04278-NKL, 2009 U.S. Dist. LEXIS 54157 (W.D. Mo. June 15, 2009); *IRA Res.*, *Inc. v. Griego*, 221 S.W.3d 592, 599 (Tex. 2007) ("The test is minimum contacts, not *de minimus* contacts[.]").

CONCLUSION

Even if Crawford or his employees noticed the car's Texas license plates, the fact that the car was driven to Texas by Selma's son does not establish that Crawford's Auto Repair purposely availed itself of Texas laws. In *World-Wide Volkswagen*, Justice White explained:

> If foreseeability were the criterion, a local California tire retailer could be forced to defend in Pennsylvania when a blowout occurs there; a Wisconsin seller of a defective automobile jack could be haled before a distant court for damage caused in New Jersey; or a Florida soft-drink concessionaire could be summoned to Alaska to account for injuries happening there. Every seller of chattels would in effect appoint the chattel his agent for service of process. His amenability to suit would travel with the chattel.

6

*Id.* at 296 (internal citations omitted). Crawford's Auto Repair did not target Texas as a market. The company did not have systematic and continuous contacts with Texas. There are no facts to indicate that Crawford's Auto Repair purposefully directed its vehicle repair service activities toward Texas residents, or that the Kawajas' claims arose out of any activities by Crawford's Auto Repair in Texas. We overrule the Kawajas' issues. The trial court's order is affirmed.

     AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on July 11, 2013
Opinion Delivered September 19, 2013

Before Gaultney, Kreger, and Horton, JJ.